**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR H. MONDRAGON, | No. 09-35408 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00134-MA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted February 2, 2010[**]
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Victor Mondragon appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for Social Security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disability Insurance and Supplemental Security Income under Titles II and XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

Mondragon argues that the Administrative Law Judge ("ALJ") erred at step two by finding that he was not severely impaired by depression and chronic pain disorder.[1]  Any alleged error at step two was harmless because step two was decided in Mondragon's favor with regard to other ailments.  *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  Mondragon argues that this became prejudicial error at step four because the ALJ did not consider Mondragon's depression or chronic pain in determining his residual functional capacity ("RFC").  We disagree.  The ALJ specifically stated that he was considering "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."  The ALJ found that Mondragon's "mental conditions are medically indeterminable or non-severe" based on Dr. Lyon's finding that Mondragon was malingering, various reports that Mondragon exaggerated his symptoms to his doctors, and Dr. Smith's opinion that Mondragon did not have a major psychiatric condition that would prevent him from returning to work.

---

[1]  The parties are familiar with the factual and procedural history of this case and we do not recount it in detail here.

2

The ALJ's RFC determination is supported by substantial evidence. An RFC is inherently an assessment of a claimant's limitations resulting from his medically determinable impairments, and Mondragon did not have any medically determinable impairment that would limit his ability to sustain work activity on a regular and continuing basis. Thus, any failure on the part of the ALJ to specifically discuss Mondragon's ability to sustain this kind of work activity was at most harmless error. *Cf. Reddick v. Chater*, 157 F.3d 715, 724–25 (9th Cir. 1998) (holding ALJ must consider ability to sustain regular work activity where claimant was impaired by Chronic Fatigue Syndrome). Mondragon was responsible for providing the evidence used to make the RFC determination, 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3), and the ALJ was not required to credit Mondragon's subjective complaints on this issue without objective evidence to support his claims, *see Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ also properly assessed Mondragon's reaching limitations and adopted the opinion of Dr. Johnson that Mondragon was limited to no overhead reaching with his right upper extremity. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The ALJ gave specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the contradicted opinion of Dr. Czarnecki, on

which there was competing medical evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ found Dr. Czarnecki's opinion was inconsistent with most of the medical evidence, including a 2003 physical capacity evaluation, a 2004 residual functional capacity assessment, and two nerve conduction studies. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding inconsistency with medical evidence a specific and legitimate reason for rejecting treating physician's opinion). Any alleged over-reliance by the ALJ on the infrequency of Mondragon's visits to Dr. Czarnecki was at most harmless error. *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006).

The ALJ's findings regarding Mondragon's allegations of depression and chronic pain disorder are supported by substantial evidence. The ALJ discussed the relevant medical evidence related to these alleged impairments and determined that any depression or chronic pain disorder did not impose functional limitations in excess of Mondragon's physical impairments. To the extent the ALJ did not discuss specific statements made by Dr. Wicher, Dr. Miller, and Dr. Czarnecki, the ALJ was not required to discuss those statements when their substance was adequately represented by the evidence the ALJ did discuss. *See Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam) (holding that evidence that is not significant or probative need not be explicitly discussed by the

4

ALJ).  Nor does the new evidence in the form of Dr. Rosenbaum's diagnoses of functional overlay and somatoform disorder—which were made after the hearing before the ALJ—change our analysis.  Dr. Rosenbaum's opinion is entirely consistent with the medical evidence that was in the record before the ALJ.  Mondragon has therefore not demonstrated a "reasonable possibility" that the outcome of his hearing would have been different had Dr. Rosenbaum's opinion been added to the mix.  *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

The ALJ also properly considered and credited the lay testimony of Mondragon's wife.  The ALJ amply discussed the two third-party reports she submitted.  The ALJ was not required to discuss every statement made by Mondragon's wife to demonstrate that her observations had been properly considered and credited.  *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (holding that an ALJ need not discuss "every piece of evidence" in order to demonstrate that the ALJ did not "selectively analyze" the evidence).

Finally, the ALJ's finding that Mondragon could perform his past relevant work is supported by substantial evidence and is free from legal error.  The ALJ's hypothetical to the vocational expert correctly contained all limitations that the ALJ found were supported by substantial evidence.  *See Magallanes*, 881 F.2d at

5

756–57. In determining that Mondragon could perform his past relevant work, the ALJ assessed Mondragon's RFC, found that Mondragon's past relevant work as a cannery worker is "rated at the light exertional level and is unskilled," and found that Mondragon could perform that job with his current RFC. Those findings satisfy the requirements of Social Security Ruling ("SSR") 82-62. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citing SSR 82-62 and holding that the ALJ must find claimant's RFC, the physical and mental demands of his or her past relevant work, and the relation of his or her RFC to the past work). The ALJ correctly considered the *Dictionary of Occupational Titles* ("DOT") definition of "cannery worker" and the testimony of the vocational expert and found no conflict between them.[2] *See id.* at 845–46 (observing that "the best source for how a job is generally performed" is usually the DOT, and that vocational expert testimony can also be considered in the step four analysis).

**AFFIRMED.**

---

[2] Mondragon argues that the DOT definition of cannery worker states that the job requires reaching "2/3" of the time, but this is actually part of a database category for the *Guide for Occupational Exploration*, and is not part of the DOT occupational definition. *See* DOT Appendix C, *available at* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM.